DISTRICT OF CONNECTICUT

| | |
|---|---|
| Victor Smalls, | |
|     Plaintiff, | |
| | |
| -V- | |
| | |
| Scott Simple, et al, | Civil Case No: |
| Angel Quiros, | |
| Warden Chapdelaine, | _____ ( ) |
| Deputy Warden Mudano, | |
| Deputy Warden Guadarrama, | |
| Captain Anaya, | |
| Captain Baymon, | Jury Trial Demanded |
| Captain Black, | |
| Michael Danek, | Verified Complaint for |
| Michael White, | Damages and Injunctive |
| Lieutenant Prior, | Belief |
| Correctional Officer Charter, | |
| Correctional officer Cheney, | |
| Correctional officer Paxton, | |
| Correctional officer Putnam, | |
| Correctional officer Swol, | |
| Correctional Officer Usluca, | |
| Correctional officer Kelly, | |
| Nurse Jane Doe, Nurse Markland, | |
|     Defendants., | Date: July 4, 2018 |

SCANNED at and Emailed 7/11/18 by ___ C.31 pages ___ No. ___ initials ___ date

-1-

CONT.

# Preliminary Statement: I

1. This is a civil action filed by Plaintiff, Victor Smalls pursuant to 42 U.S.C § 1983. The Plaintiff is alleging violations of his Eighth and First Amendment rights. The Plaintiff is alleging that he was subjected to cruel and unusual punishment by [ Means ] of Excessive Use of Force and the Denial of medical Treatment. His First Amendment rights was violated by [ Means ] of Retaliation. The Plaintiff is seeking Compensatory, Punitive and Monetary reliefs, as well as Declaratory and Injunctive reliefs against [ all ] Defendants either actual or in their Supervisory rules.

2. The Defendants are all being sued in their individual and official capacities.

# Jurisdiction: II

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343(a)(3), in that this action seeks to redress the deprivation, under color of State Law, of rights secured by acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, in that this is a civil action arising under the Constitution of the United States.

CONT.

# Parties: III

5. Plaintiff Victor Smalls ("Plaintiff") is an inmate currently in the custody of the Connecticut Department of Corrections ("CT. D.O.C") housed at Corrigan Correctional Center, 986 Norwich-New London Tpke, Uncasville, CT. 06382. However, for the times relevant for this action Plaintiff was housed at Walker Correctional Institution ("Walker") 1153 East St. South, Suffield, CT. 06080.

6. Defendant Scott Simple ("Simple") was the Commissioner of the CT. D.O.C located at: 24 Wolcott Hill Road, Wethersfield, CT. 06109. As such he was responsible for the creation and enforcement of its policies, the training, supervision and discipline of its employees, and the custody and care of prisoners in its facilities. At all times relevant to this action he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

7. Defendant Angel Quiros ("Quiros") was the District Administrator of the CT. D.O.C located at: 24 Wolcott Hill Road, Wethersfield, CT. 06109. As such he is responsible for the ▆▆▆▆▆ enforcement of its policies, the training, supervision, and answering all level two appeals of institutions within the northern district where walker is located, he is also responsible for the custody and care of prisoners in its facilities. At all times relevant to this action he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

CONT.

8. Defendant Warden Chapdelaine ("Chapdelaine") was the Warden at Walker located at: 1153 East St. South, Suffield, CT. 06080. As such she was responsible for the creation and enforcement of policies at Walker, the training and supervision of persons working at Walker, answering level one administrative remedies and the custody and care of prisoners at Walker. At all times relevant to this action, she was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacities.

9. Defendant Deputy Warden Mudano ("Mudano") was the Deputy Warden at Walker located at: 1153 East St. South, Suffield, CT. 06080. As such she was responsible for assisting the warden in the creation and enforcement of policies at Walker, the training, discipline, and the supervision of persons working at Walker, and the custody and care of prisoners at Corrigan. At all times relevant to this action, she was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacities.

10. Defendant Deputy Warden Guadarrama ("Guadarrama") was the Deputy Warden at Walker located at: 1153 East St. South, Suffield, CT. 06080. As such he was responsible for assisting the warden in the creation and enforcement of policies at Walker, the training, discipline, and the supervision of persons working at Walker, and the custody and care of prisoners at Walker. At all times relevant to this action, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

- 4 -

CONT.

11. Defendant's Captain Anaya ("Anaya"), Captain Baymon ("Baymon"), and Captain Black ("Black") was Captains at Walker located at: 1153 East St. South, Suffield, CT. 06080. As such they was responsible for assisting the Deputy Warden and Warden with Security of the Walker facility and the enforcement of policies, the training, discipline and Supervision / unit management of persons working at Walker, and the Custody and care of prisoners at Walker. At all times relevant to this action they was acting within the Scope of their employment and under Color of State law. They are sued in their individual and official Capacities.

12. Defendant's Lieutenant Michael Danek ("Lt. Danek"), Lieutenant Michael White ("Lt. White"), and Lieutenant Prior ("Lt. Prior") was Lieutenants at Walker located at: 1153 East St. South, Suffield, CT. 06080. As such they was responsible for the enforcement of policies, discipline and Supervision of persons working at Walker, and the Custody and care of prisoners at Walker. At all times relevant to this action, they was acting within the Scope of their employment and under Color of State law. They are sued in their individual and official Capacities.

13. Defendant's Correctional officer Charter ("C/o Charter"), Correctional officer Cheney ("C/o Cheney"), Correctional officer Paxton ("C/o Paxton"), Correctional officer Putnam ("C/o Putnam"), Correctional officer Swol ("C/o Swol"), Correctional officer Usiuca ("C/o Usiuca"), Correctional officer Kelly ("C/o Kelly") was Correctional officers at Walker located at: 1153 East St. South, Suffield, CT. 06080. As such they was responsible for the enforce-

-5-

cont.

ment of CT.D.O.C policies, and custody and care of prisoners at walker.
At all times relevent to this action, they was acting within the
scope of their employment and under color of state law. They are
sued in their individual and official capacities.

14| Defendant's Nurse Jane Doe and Nurse Markland are Nurse's
at walker located at: 1153 east St. South, Suffield, CT. 06080.
As such they was responsible for providing adequate medical
treatment to prisoners at walker. At all times relevant to this
action, they were acting within the scope of their employ-
ment and under color of state law. They are sued in their
individual and official capacities.

## Exhaustion Of Administrative Remedies: IV

15.| Plaintiff exhausted his administrative remedies before filing this
Complaint.

## Factual Statement : V

16.| On August 2, 2016 in the B-1 housiing unit at walker, at the start
of second shift the plaintiff made several attempts to have
defendant's %Cheney, %Putnam, and % Swol contact a shift supervisor
to find out why was he placed back in phase one of security
Risk Group segregation without a disciplinary report.

-6-

<u>CONT.</u>

17. That following these requests defendants C/o Cheney and C/o Putnam started to antagonize the Plaintiff verbally.

18. Plaintiff told defendant C/o Putnam to "do your fucking job and stop talking crazy".

19. That defendant C/o Putnam threatend the Plaintiff stating "why don't you cover your window so we can fuck you up".

20. This threat made by defendant C/o Putnam is one he makes all the time towards prisoners housed in Security Risk Group Segregation because he is apart of the "Cell Extraction Team" ("C.E.T").

21. The Plaintiff did not react to the verbal threat because the Plaintiff had a scheduled phonecall and he did'nt want to have his call canceled.

22. Shortly after defendant C/o Putnam realized that the Plaintiff was not feeding into his comments, defendant C/o Putnam went to escort a prisoner from the shower back to his cell and defendant C/o Putnam slamed the defenseless handcuffed prisoner on the floor.

23. Sometime after the prisoner that was slamed was secure and placed on in-cell status defendant C/o Cheney asked the Plaintiff if he would like his phone call.

cont.

24. The Plaintiff put his jumpsuit on and was placed in handcuffs through the trap on the cell-door before being placed in full-restraints and escorted to the phone-booth by defendant C/o Cheney.

25. The Plaintiff had brung a book that belonged to another prisoner with him to the phone to return it as the other prisoner that the book belonged to was allready inside the phone-booth.

26. During the escort to the phone defendant C/o Cheney made a discriminatory remark then threatend the Plaintiff.

27. Defendant C/o Cheney stated first "whats up with YOU PEOPLE", then he went on to say "You being a big homie well I'm going to treat you like a big homie and give you two choices, either put that book down or keep it and I'll do you like my homie did Dilday".

28. Prisoner Dilday is the person that was slamed by defendant C/o Putnam while being escorted from the shower.

29. The Plaintiff placed the book on the table and was placed into the phone-booth.

30. That at approximately 7:40pm the Plaintiff was escorted from the phone-booth back to his cell (cell#31).

Cont.

31. The plaintiff asked if he can speak to supervising staff to report the threats and remarks made by defendant's Putnam and Cheney.

32. Defendant Cheney then told plaintiff "why wasn't you talking like that when I took you too the phone you big for nothing coword", then left the door.

33. The plaintiff attempted to utilize his cell entercom to call the bubble however it did not work.

34. Defendant C/o Putnam came to plaintiff's door and threatend him for wanting to report him by saying "you trying to report me, you rat, you know what we do to rats in here".

35. After this last threat plaintiff covered his cell window.

36. Defendant's C/o Putnam and C/o Cheney said while standing at plaintiff's door that "it's time to exterminate a rat".

37. At this point plaintiff ~~covered~~ left the cell door still fully dressed and sat on the bottom bunk enraged at the remarks made by the defendants.

38. Earlier the same day on first shift plaintiff asked the

cont.

unit manager defendant Captain Black why was he regressed without a disciplinary report he told plaintiff "as long as I am the Captain I'll make Sure you never leave Security Risk Group < S.R.G>".

39. Before leaving plaintiff's cell door defendant Captain Black told plaintiff "if you know whats good for you, you'll stop writting things up."

40. The defendant is refering to the grievance filed by the Plaintiff for mis-treatment by way of being regressed without a disciplinary report and for stating that he did not feel Safe in that facility due to c/o mis-conduct.

41. The plaintiff's due process rights were violated when he was sent back to the first phase of Security Risk Group segregation without a disciplinary report, which contradicts A.D 6.14 §11<c>.

## Excessive Use of Force

42. Defendant's Lt. White, Lt. Danek, Lt. Prior, Chapdelaine, Mudano, Guadarrama, Captain's Anaya, and Baymon failed to intervene during the assault that took place during the Cell enstraction, were present and just stood by and watched.

43. Up to the date of the alledged incident plaintiff has had

-10-

cont.

No assaults on any correctional officers.

44. At no point while plaintiff's cell window was covered did his cell-mate feel threatend by plaintiff.

45. The lights in plaintiff's cell worked properly and was not tampered with in any way.

46. After sitting on his bunk for what seemed to be approximately 15 minutes plaintiff's cell-mate told plaintiff he believes they are going to spray mace.

47. The cell trap-door opened and then a stringlike object came in the opening and a mist of mace was sprayed from it.

48. This went on for about 45 minutes, with plaintiff and his cell-mate being sprayed by at least 3 different people each time the cell trap-door opened.

49. The plaintiff lost count after the cell trap-door opened the fifth time.

50. After Defendant's Lt. Darek, Lt. white, an c/o charter sprayed the plaintiff and his cell-mate five<5> or more

cont.

times with mace <z505, z305 and Sabre Red stream> the
"C.E.T" entered the plaintiff's cell. Prior to entering the
plaintiff's cell the Defendants <willfully> violated Connecticut
Department of correction <"c.D.o.c"> policies on cell enst-
ractions in having a <complete> visual. The Defendants
failed to turn the <cell lights> on before entering the cell
to enstract the plaintiff and his cell-mate which could have
been done in the units main control center. This is writ-
ten in the Administrative Directive's 9.4 and 6.5 to ensure
both officers and prisoners safty.

51. When the Defendants entered the cell the plaintiff
was punched in his face by defendant c/o Putnam before
getting forced face down on the bottom bunk. Once
on the bottom bunk defendant c/o Putnam begain
punching the plaintiff in his face, back of his
head. Defendant c/o Putnam then grabbed the plainti-
ff's shirt that was around his neck and begain choking
the plaintiff while still punching him. Plaintiff attem-
pted to cover his face with his hand then plaintiff
was maced again two more times by defendants
Lt. Danek, and Lt. White. Plaintiff tryed to yell but
was not able to due to him being chocked
and maced. As the plaintiff is being chocked and
punched defendant c/o Putnam put both of his knees

-12-

cont.

in the plaintiff's back while using the force from the bot-
tom of the top bunk to apply more extremely painfull
presure on plaintiff's ailling back. While defendant c/o
Putnam punching, chocking and putting extremely painful
pressure on plaintiffs back defendants c/o Cheney, c/o Paxton
c/o Usluca took part in punching plaintiff in his ribs,
bending plaintiff's wrist's in painful positions. Defen-
dant c/o Swol was twisting and berding plaintiff's
toes.

52. The plaintiff was placed in hand-cuff by defendant c/o
~~placed~~ Usluca of which ~~officers~~ ~~obstaingle~~ were extremely tight, defendant c/o Swol
placed each ankle in leg irons of which were also
extremely tight <plaintiff was in full restraints which
includes a "tether chain">. While being escorted from his
cell plaintiff was placed in a "universal precaution safety
veil". The plaintiff was then escorted ~~to~~ cell B-24 under
the supervision of defendant Lt. White where defendant's
c/o Swol and c/o Usluca, along with other correctional offi-
cer begain stripping plaintiff of his clothes, at some
point during this strip search plaintiff felt a numb-
ness run through his body followed by blood rushing
to his head causing him to loose his balance. Howe-
ver defendant Lt. White did not report this to medical.
Defendant c/o Swol then ~~gave~~ placed plaintiff in a

cont.

T-shirt, boxers, socks, and jumpsuit ~~back~~ while plaintiff's body was burning from the mace and he was not given a shower as mandated by "C.D.O.C" administrative directive 6.5 § 7<F>. Defendant c/o Swol then placed handcuff's and leg iron's <along with tether chair> on the plaintiff extremely tight, the plaintiff is 6 foot 4 inch's tall, being in full restraints that are extremely tight caused extreme pain to plaintiff's back, wrist's, and ankle's.

53. That Nurse Jane Doe flushed plaintiff eyes out and dispite restraints being on extremely tight Nurse Jane Doe cleared that cuffs were not tight.

54. That after defendant's left plaintiff's cell ~~be~~ defendants Chapdelane, Mudano, and Guadarrama came to the plaintiff's cell door where plaintiff pleaded and begged for a shower and for his restraints to be adjusted as they were causing plaintiff hands to swell up and turn colors, with extreme pain. Defendants Mudano and Chapdelane laughed at the plaintiff and walked off, defendant Guadarrama told plaintiff "I don't care how much pain you're in, and you don't diserve a shower."

54. Defendants Captain Agaya, and Captain Baymon came

cont.

to the plaintiff's cell door where the plaintiff asked if he can have toilet paper and soap, both defendants laughed at the request and before walking of defendant Captain Anaya told plaintiff to "use his hands".

55. The in-cell restraints made it impossible to dispose of plaintiff's bodily waste without unreasonably risking Further contamination to his genital area.

56. The plaintiff was not decontaminated accordance with "C.D.O.C" policies and was forced to remain on in-cell restraint status with chemical agents all over plaintiff's body and hands when plaintiff attempted to urinate his genital's felt as if it was burning causing urine to get on plaintiff's hands.

57. At approximately 11:00pm third shift started and defendant C/o Kelly did his routine tour and plaintiff stoped C/o Kelly asking him if he can have his cuff adjusted because they are extremely tight and causing extreme pain. Defendant C/o kell told plaintiff " you diserve to be chained up and treated like the peice of shit rat you are" before walking off.

58. At approximately 1:00am plaintiff stoped Lieutenant

cont.

Lapila and expressed how much pain he is in due to the restraints being on extremely tight and plaintiff also told the Lieutenant what defendant c/o Kelly said to him earlier. Lieutenant Lapila called for assisting c/o's to loosen plaintiff's tight handcuffs.

59. That defendant c/o Kelly fabricated the in-cell restraint check-list to show that plaintiff was disruptive to keep plaintiff in the cruel conditions longer. During breakfast defendant c/o Kelly told plaintiff "You are all set on chow for putting my brothers through that bull shit last night". Defendant c/o Kelly did not give plaintiff his chow.

60. At approximately 10:00 am plaintiff was escorted from cell B-24 to Restrictive Housing Unit <"RHU"> Cell #8 pending investigation for Administrative Segregation <"A/s">. During lunch call again c/o's walked pass plaintiff's cell. Plaintiff has not eatten a meal since August 2nd at 4:00pm, it has been 19 hours since his last meal. Plaintiff had photo's taken of his swollen right eye.

61. At approximately 3:00pm defendants Lt. Danek, Lt. White and Lt. Pryor came in plaintiff's cell where each of them took turns cracking <mocking> ~~jokes~~ on the

cont.

plaintiff telling him what was done to him during the enstraction the previous evening. Defendant Lt. White stated to plaintiff "how did your asswhole feel I sprayed you in your ass so thank me for that burning sensation". Defendant's Lt. Danek and Lt. Pryor threatend the plaintiff saying we could fuck you up for putting us through that bullshit. Defendant Lt. Danek stated "you look hungrey", plaintiff told the Defendants the c/o's are not feeding him and Lt. white stated "Good". Before the defendants left plaintiff's cell, plaintiff told them his head is in extreme pain and he is bloody from the cuts around his wrists and ankles an that he needs to see medical Defendant Lt. Pryor told plaintiff before leaving the cell "Sucks to be you".

62. At approximately 4:00 pm plaintiff was given his first meal however the meal had no plastic spork he was told to use his hands however plaintiff had mace and urine on his hands so he refused to eat like that not to mention the full restraints made it impossible for plaintiff to reach his mouth. The Correctional officer came by with trash ordering plaintiff to throw his garbage out. Plaintiff told the Correctional officer he has not eatten yet because he has no spork,

cont.

his hands are contaminated, and the chain <tether> is way to
short for him to reach his mouth. The correctional officer
told plaintiff "thats a direct order, throw it out or get a
disciplinary report". Plaintiff threw the tray out, It has been
approximately 24 hours since plaintiff has eatten his last meal.

63. At approximately 8:20 pm plaintiff was removed from in-cell
restraint status.

64. Plaintiff was on in-cell restraint status for 24 hours
with out being decontaminated by way of shower and
forced to lay and rest on the sheets and clothes for 24 hours
while his body was covered in mace and his sheets being cont-
aminated from his sweatting mace filled body got on the
plaintiff's face.

65. The plaintiff was not given bandages for his cuts on wrists
and ankles, nor was any treatment given for plaintiff's eye/
head injury, by defendant Markland.

66. Plaintiff filed a grievance about the excessive use of force
by defendants and defendant chapdelaine denied his
grievance agreeing with the actions taken by defendants.

67. Plaintiff filed an appeal to defendant Quiros regarding the exc-

cont.

essive force used by the defendants. Defendant Quiros denied plaintiff's appeal effectively exhausting plaintiff's administrative remedies.

68. Plaintiff wrote a request to medical to be given treatment for his seveare headaches from being punched by defendants and for cuts on his wrists and ankles.

69. Plaintiff was seen on August 7th five days after incident and 4 days after being removed from in-cell restraint status where he received ointment and bandages for the cuts on his wrists and ankles from the restraints and proscribed moltrin for seveare head and eye pain from being punched by defendant's.

70. As a result of the damages caused by excessive force used by defendants the plaintiff has suffered mentally as anytime he hears boots running he gets extremely paranoid thinking he is the target.

## First Count: A
## Failure To Protect

71. Plaintiff incorporates the allegations in paragraphs 1-70.

72. The failure of defendants simple ;Quiros, chapdelaine, mudana, Guadarrama, Captain Anaya, Captain Baymon, Captain Black,

cont.

Lt. Danek, Lt. Prior, Lt. White to act when the plaintiff was <actually> being assaulted as they were present or failed to act on the knowledge of the substantial risk of serious harm to the plaintiff violated his Eighth Amendment right to be free from Deliberate Indifference to his safety.

73. As a result of <all> the defendants actions and failures, the plaintiff was<viciously> assaulted during the cell enstraction and denied medical treatment.

## Second Count: B
## Failure To Intervene

74. Plaintiff incorporates the allegations in paragraphs 1-73.

75. Law enforcement officials have an affirmative duty to intervene to protect against and prevent the use of excessive force against a prisoner.

76. The failure of defendants Lt. White, Lt. Danek, Lt. Prior, Chapdelaine, ~~Chapdelaine~~, Mudano, Guadarrama, Captain Anaya, Captain Baymon to intervene when the plaintiff was ~~being~~ the subject of excessive use of force during the cell enstraction as they were present with a realistic opportunity to intervene and prevent the harm caused to plaintiff and did nothing to stop it violated his Eighth Amen-

cont.

dment right to be free from cruel and unusual punishment.

77. As a resault of defendants actions and faiures, the plaintiff was the subject of excessive force during the cell enstraction, in-cell placement, and denied medical treatment;

### Third Count : C
### Excessive Use Of Force

78. Plaintiff incorporates the allegations in paragraphs 1-77;

79. Defendant's Lt. White, ~~Danek~~ Lt. Danek, c/o charter, c/o cheney, c/o Putnam, c/o ~~Swol~~ Swol, and c/o Usluca used excessive force when it was < No longer > needed nor < Reasonable or Necessary >. Defendants did not have to know the precise nature of the risk of harm but it was obvious and evident that chocking a prisoner or punching him in the face and head or digging defendants knees in plaintiff's back was a serious risk to plaintiff's safety;

80. Defendant c/o Swol used excessive force when he chained up the plaintiff extremely to tight causing extreme pain, cuts, bruises, ~~hard to~~ use the bathroom, drink water or sleep.

81. Defendant Lt. White used excessive force when he

-21-

cont.

sprayed plaintiff with mace on his buttocks ~~buttocks~~,
and cleared plaintiff's restraint check as good dispite
Knowing they were extremely tight or properly decon-
taminating him not allowing plaintiff to use the bath-
room or drink water violated his eighth amendment
rights to be free from cruel and unusual punishment;

82. It is an <assault> when the defendants swings a <Fist>
to strike the plaintiff or <choke> the plaintiff, and a
<battery> when the <fist> comes in contact with
the plaintiff's <body> and <face> or <choke> the pla-
intiff <knowing> the cell and plaintiff's face were full
with mace. This assault was not <justified> by <any>
legitimate law enforcement or prison management
need, and was completely out of proportion to that
need;

83. Defendants have violated plaintiff's state and Federal
rights to be free from cruel and unusual punishme-
nt under the Eighth Amendment to the United States
constitution and with deliberate, malicious and
sadistic, Recless, willing, Knowing indifference to
the plaintiff. This Eighth Amendment violation is enfo-
rceable through 42 U.S.C. §1983.

cont.

84. As a <direct> and proximate result of these defendants violations the plaintiff suffered mental and physical harm and injuries described herein;

### Fourth Count: D
#### Failure To Supervise.

85. Plaintiff incorporates the allegations in paragraphs 1-84;

86. Defendants simple, Quiros, Chapdelaine, Mudano, Guadarrama, Captain's Anaya, Baymon and Black, Lt's. White, Danek, and Prior failed to supervise and enforce "C.D.O.C" policies they are charged with making and enforcing when they failed to either actually intervene in assaults or to correct it after notified and to get medical treatment;

87. Defendants simple, Quiros, Chapdelaine, Mudano, Guadarrama, Captain's Anaya, Baymon, Black, and Lt's White, Danek, and Prior failed to even discipline <any> of the defendants that violated plaintiff's Eighth and First Amendment rights when they were given notice of their actions;

### Fifth Count: E
#### Negligent Failure To Protect

-23-

cont.

88. ~~the~~ Plaintiff incorporates the allegations in paragraphs 1-87.

89. Defendants Simple, Quiros, Chapdelaine, mudano, Gua-darrama, Captain's Anaya, Baymon, Black, and Lt's. Danek, Prior and white owed the plaintiff a duty of reasonable care to protect him from assault by prison officials and medical treatment;

90. Defendant's Simple, Quiros, Chapdelaine, mudano, Guadarr-ama, Captain's Anaya, Baymon, Black, and Lt's white, Prior and Danek breached that duty by failing to provide pro-tection when the plaintiff was being assaulted, and when informed that he needed medical treatment and that the restraints were to tight;

91. The breach of duty resulted in serious physical and em-otional injuries and damages;

92. The breach of duty proximately caused the damages;

<center>Sixth Count: F</center>
<center>Deprivation of Food</center>

93. Plaintiff incorporates the allegations in paragraphs 1-92;

94. Defendant's Lt. white, C/o Swol, C/o Kelly, Nurse Jane

<center>-24-</center>

cont.

Doe, and Nurse Markland deprived plaintiff of the basic
neccessities of life due to his conditions when placed
on incell restraint status or the fact that defendant
c/o kelly did'nt even stop to give plaintiff his food.
Deprivation of food violates the Eighth Amendment to
the United States Constitution.

<div align="center">

Seventh Count: G
Deliberate Indifference
To  Serious medical Needs
</div>

95. Plaintiff incorporates the allegations in paragraphs 1-94;

96. The refusal of defendant's Chapdelane, Mudano, Guadarrama,
Captain's Anaya, Baymon, and Lt's White, Danek, and Prior,
C/o Kelly, and Nurse Jane Doe and Nurse Markland to give
the plaintiff medical treatment for his serious medical
needs constituted Deliberate Indifference to plaintiff
serious medical needs in violation of the Eigth Amend-
ment;

97. The failure of defendant's Nurse Jane Doe, and Nurse
Markland to take steps to ensure that the plaintiff re-
ceived the needed treatment, dispite their knowledge of
the plaintiff's serious medical needs constituted Deliberate
Indifference to plaintiff's serious medical needs;

cont.

98. Defendant's knowingly and deliberately ignored the plaintiff's conditions of confinement dispite knowing that those cruel and unusual conditions that the plaintiff was forced to endure contributed to the illness and needless suffering of the plaintiff shows that the defendant's were in fact deliberately indifferent to plaintiff's serious medical needs;

99. As a result of defendant's failure to provide needed medical treatment, the plaintiff suffered further injuries and physical and emotional pain;

## Eighth Count: H
## Retaliation

100. Plaintiff incorporates the allegations in paragraphs 1-99;

101. The refusal of defendant's Chapdelaine, Mudano, Guadarrama, Anaya, Baymon, Lt's. White, Danek, Prior to provide medical treatment as a result of the cell enstaction constituted Retaliation and therefore violated the First Amendment;

101. The refusal of defendant c/o kelly to feed plaintiff for chow while he was on in-cell restraint status because of his involvement in the cell enstraction constituted Retaliation violating the first Amendment;

-26-

cont.

102. Defendant's C/o's cheney, Putnam, and Swol Retaliated against the plaintiff because of his grievance written about their mis-conduct towords prisoners housed in "S.R.G" and considered plaintiff as a "RAT" motivated the defendant's to Retaliate against the plaintiff Violating the First Amendment;

103. Defendant C/o Swol Retaliated against the plaint-iff for the grievance written by plaintiff about Correctional officers mis-conduct towords prisoners housed in "S.R.G" and for the Cell enstraction when he chained plaintiff up in full restaints ex-tremely tight causing cuts, bruises, scars and pain and injuries;

104. Defendant C/o kelly Retaliated against plaintiff be-cause of the Cell enstraction when he deliberat-ely fabricated the in-cell restraint check sheet Violating the First Amendment.

105. As a result of defendants failure and or retalitory actions, plaintiff suffered serious physical and emotional pain and injuries.

cont.

## Prayer For Relief

**WHEREFORE**, The plaintiff respectfully request that this Court grants the following relief:

A. Declare that defendant's Simple, Quiros, Chapdelaine, Mudano, Guadarrama, Captain Anaya, Captain Baymon, Captain Black, Lt. White, Lt. Danek, and Lt. Prior Violated plaintiff's Eighth Amendment Rights when they failed to protect him from assaults and denial of medical treatment;

B. Declare that defendant's Nurse Jane Doe and Nurse Markland Violated plaintiff's Eighth Amendment Rights to Medical treatment;

C. Declare that defendant's chapdelaine, mudano, Guadarrama, Captain's Anaya, Baymon, Lt's White, Danek, Prior, and C/o's cheney, Putnam, Swol, and kelly Violated plaintiff's First Amendment Rights Not to be retaliated against;

D. Issue a permanent injunction requiring <all> defendants to <adhere> to the Administrative Directive Concerning in-cell restraints;

cont.

E. Issue a permanent injunction requiring defe-
ndant Simple add <New> safer policies Administr-
ative Directives Concerning in-celling practices
i.e., Restraint Check List, Restraint Checks, Ba-
throom breaks and Videoing <recording> of all act-
ions of contact;

F. Award Compensatory damages, For the plain-
tiff's physical and emotional injuries, and punitive
damages against each defendant; And

G. Reasonable Costs and Attorney's fees persuant
to 42 U.S.C. § 1988;

F. Grant plaintiff such other relief as it may
appear plaintiff is entitled to.

## Declaration Verification

Pursuant to 28 U.S.C § 1746, I Victor Smalls, Plaint-
iff Declares under penalty of perjury that the facts
and information Stated in the complaint are
true and correct, and based from personal
Knowledge.

Executed on July 4, 2018 at Corrigan Correctional Center By:

Victor Smalls

cont.

Plaintiff, Pro Se

July 4, 2018.

Victor Smalls #344109
Corrigan Corr. Center
986 Norwich-New London
Turnpike
Uncasville, CT. 06832